AMERICAN ART METAL NOVELTY CO. v. A. C. BOSSELMAN & CO.

(Supreme Court, Appellate Term. January 17, 1905.)

1. SALES—GOODS NOT ACCORDING TO SAMPLE—RESCISSION.

Where a purchaser of goods, on receiving the last installment of them, found them not according to the sample, he had a right to rescind the agreement.

2. SAME—RECOVERY FOR PORTION.

Where a purchaser of goods, on receiving an installment, refused some of them as not according to sample, but offered to keep the others, in an action on the entire contract the offer to keep some of the goods not having been accepted, no claim for a portion could be allowed.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by the American Art Metal Novelty Company against A. C. Bosselman & Co. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Alex B. Greenberg, for appellant.
Rudolph Marks, for respondents.

PER CURIAM. Reversal of this judgment is asked both because of the weight of evidence and because of error of law. The first is urged almost vehemently with assertions that inconsistencies and contradictions are to be found in the testimony of the respondents' president and chief witness, so great and glaring as to stamp his utterances as perjuries. This does not so appear upon a perusal of the evidence, which shows plainly enough that in February, 1903, the plaintiff and defendants made an executory agreement for the sale and purchase of twenty gross of "Washington" hatchets, according to sample, five gross to be delivered at once, five May 1st, and the balance December 1st of that year; that the defendants received and paid for ten gross; that in receiving the balance in September the defendants promptly complained that the wares were not according to sample, and they were taken back for renovation, either for accommodation of the customer or because not as ordered; that the defendants on their return declared that some were bad and some were acceptable, offering to return

the former and keep the latter, and, when that offer was declined, sent back all of the ten gross, but the plaintiff refused to receive them. The learned trial justice has found upon ample evidence that a substantial portion, even as last returned, were not as ordered and promised. Upon the state of facts found the defendants had the right to and did rescind the agreement for its breach by the plaintiff in tendering wares not according to its terms. As the defendants' offer to keep and pay for a part of the hatchets was not accepted, no claim for a reduction can be allowed now in this action, which was brought upon a sale as an entirety. The judgment must be affirmed.

Judgment affirmed, with costs.